**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel Alejandro PENALOZA–**
**RAMIREZ, Defendant–**
**Appellant.**

**No. 06–50174**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 2006.

---

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

■ Manuel Alejandro Penaloza–Ramirez, a citizen of Mexico, pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 84 months of imprisonment and three years of supervised release. Penaloza–Ramirez argues that his sentence is unreasonable as measured by the requirements of 18 U.S.C. § 3553(a). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006). The district court sentenced Penaloza–Ramirez to 84 months, on the lower end of the advisory guideline range of 77 to 96 months. Given Penaloza–Ramirez's extensive criminal history, considering that Penaloza–Ramirez had been deported on four separate occasions, with no mitigating explanations for why he returned to the United States the three previous times, and given the seriousness of the offense which resulted in the 16–point enhancement, Penaloza–Ramirez has not rebutted the presumption that his sentence of 84 months was reasonable.

■ Penaloza–Ramirez also argues, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the 84–month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Penaloza–Ramirez's constitutional challenge to § 1326 is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Penaloza–Ramirez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.